

**ORDERED in the Southern District of Florida on April 13, 2026.**

**Scott M. Grossman, Chief Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

JOHN PAPAGNO,                                             Case No. 24-16005-SMG

　　　Debtor.                                             Chapter 7

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**
**AND REQUEST FOR STAY OF IMPENDING TAX SALE**

On April 2, 2026, the Court entered an *Order (I) Granting Motion to Reopen; (II) Granting in Part and Denying in Part Motion for Contempt; and (III) Denying (A) Motion to Stay Eviction, (B) Motion for Declaratory Relief, and (C) Motion to Consolidate Hearings*.[1]  In doing so, the Court held that NOLA Lofts Condominium I violated the automatic stay by recording a post-petition lien, but determined that an evidentiary hearing on willfulness and damages would be necessary. The Court denied all further relief requested by Debtor John Papagno, holding that NOLA's

---

[1] Dkt. No. 45.

underlying statutory lien survived the bankruptcy and that its post-discharge actions – limited to enforcing in rem rights, including foreclosure and related proceedings – did not violate the discharge injunction.

On April 6, 2026, Mr. Papagno filed a *Motion to Reconsider*,[2] arguing that NOLA's post-petition conduct was willful because even after receiving notice of Mr. Papagno's bankruptcy filing, NOLA took no action to remove the lien, which allegedly interfered with Mr. Papagno's ability to refinance or sell the property. Mr. Papagno further contends that Florida statutory law precludes NOLA from enforcing its lien in rem where the claim of lien was not properly recorded prepetition, that NOLA's post-discharge recording of a lien and related notices constituted an impermissible continuation of prepetition collection activity, and that NOLA's post-discharge communications were coercive and exceeded permissible in rem enforcement. Finally, Mr. Papagno requests that the Court stay an impending tax sale of his property as he continues to litigate this matter.

Mr. Papagno does not cite in his motion any specific rule or other legal authority under which he seeks this relief. When not clearly articulated under which rule a movant seeks relief, courts generally construe motions for reconsideration as either motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9023, or as motions for relief from a judgment or order under Federal Rule of Civil Procedure 60, made applicable in bankruptcy cases by Federal Rule of Bankruptcy

---

[2] Dkt. No. 47.

Procedure 9024.[3] Under Rule 60(b), a court may grant relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[4]

Rule 59(e) grants courts authority to alter or amend a judgment. Unlike Rule 60(b), it does not list the grounds on which a court may do so. The Eleventh Circuit has stated that the "only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."[5] "A manifest error is one that amounts to a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"[6] Regardless of which rule a party seeks relief under, "reconsideration is an extraordinary remedy to be employed sparingly."[7]

---

[3] *In re Nieves Guzmán*, 567 B.R. 854, 862 (B.A.P. 1st Cir. 2017).

[4] Fed. R. Civ. P. 60(b).

[5] *MacPhee v. MiMedx Group, Inc.*, 73 F.4th 1220, 1250 (11th Cir. 2023) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)); *see Trump v. Cable News Network, Inc.*, 2023 WL 8433599, at *1 (S.D. Fla. 2023) (quoting *U.S. v. Dean*, 838 Fed. App'x 470, 471-72 (11th Cir. 2020)).

[6] *Shuler v. Garrison*, 718 Fed. App'x 825, 828 (11th Cir. 2017) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)); *see also Trump*, 2023 WL 8433599, at *1 ("[C]lear error or manifest injustice occurs where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension" (internal quotation marks omitted) (quoting *Great Lakes Ins. SE v. Boat Rental Miami, Inc.*, 2020 WL 264674, at *6 (S.D. Fla. 2020))); *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004) (defining manifest error as an error "that is plain and indisputable, and that amounts to a complete disregard of the controlling law").

[7] *Trump*, 2023 WL 8433599, at *1 (quoting *Holland v. Fla.*, 2007 WL 9705926, at *1 (S.D. Fla. 2007)); *see also Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004) ("reconsideration of a previous order is 'an extraordinary remedy, to be employed sparingly'" (quoting *Mannings v. Sch. Bd. of Hillsborough Cnty.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993))).

3

Here, Mr. Papagno does not identify any intervening change in controlling law, newly discovered evidence, or clear error of law or fact warranting reconsideration. Instead, Mr. Papagno largely reasserts arguments previously raised or advances new theories that could have been presented earlier. To the extent his motion argues that NOLA willfully violated the automatic stay, that is not a basis for reconsideration, as the Court has not yet determined whether NOLA's stay violation was willful. The Court has scheduled an evidentiary hearing for May 19, 2026 to make this determination. Mr. Papagno will have the opportunity to present evidence of willfulness at that time. His Motion for Reconsideration, however, is not the appropriate vehicle by which to seek this determination. Accordingly, the Court concludes that Mr. Papagno has not established grounds for reconsideration of the Court's April 2, 2026 Order under either Rule 59(e) or Rule 60(b).

Lastly, Mr. Papagno requests that this Court stay the impending tax sale of his property in state court due to this ongoing litigation. It is not clear from his motion, however, on what basis he seeks a stay. Thus, the Court will construe his motion as requesting the Court use its general equitable power under 11 U.S.C. § 105(a) to grant this relief. To make this determination, the Court will consider the four traditional factors for granting a preliminary injunction. "Specifically, the moving party must show: '(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public

4

interest.'"[8] In his motion, Mr. Papagno has alleged only that he will suffer irreparable injury if the tax sale is initiated. He has not alleged – let alone established – that the threatened injury to him outweighs whatever damage the proposed injunction may cause NOLA, that the injunction would not be adverse to the public interest, or that he would be successful in having this Court reconsider its earlier ruling. Accordingly, his request for a stay of the impending tax sale will be denied.

For the reasons discussed, it is **ORDERED** that:

1.    Mr. Papagno's Motion to Reconsider[9] is **DENIED**.

2.    Mr. Papagno's request for a stay of the impending tax sale of his property in the state court is **DENIED**.

# # #

*Copies furnished to all interested parties by the Clerk of Court.*

---

[8] *In re EZ Pay Services, Inc.*, 389 B.R. 751, 756 (Bankr. M.D. Fla. 2007) (quoting *Four Seasons Hotels and Resorts. B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003)).
[9] Dkt. No. 47.